# Northumberland County, Plff. in Err., *v.* Philadelphia & Erie Railroad Company.

The public works of a railroad corporation, used as such, with their necessary appurtenances are not, in the absence of legislation specially imposing such liability, liable to taxation as real estate under the general laws of the state.

(Argued April 27, 1887. Decided May 9, 1887.)

January Term, 1887, No. 390, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Error to the Common Pleas of Northumberland County to review a judgment for the defendant in a case stated. Affirmed.

The facts as they appeared from the case stated, were as follows:

The defendant, the Philadelphia & Erie Railroad Company,

Cited in Pennsylvania & N. Y. Canal & R. Co. v. Vandyke, 137 Pa. 249, 254, 20 Atl. 653; Roaring Creek Water Co. v. Northumberland County, 6 Pa. Co. Ct. 473, 475, and in Western N. Y. & P. R. Co. v. Venango County, 5 Pa. Super. Ct. 304, 310.

NOTE.—A full review of the authorities upon this question will be found in Western N. Y. & P. R. Co. v. Venango County, 5 Pa. Super Ct. 304.

was duly incorporated, by the corporate name and title of the Sunbury & Erie Railroad Company, by and in pursuance of an act of assembly entitled "An Act to Incorporate the Sunbury & Erie, and the Pittsburgh & Susquehanna Railroad Companies." approved April 3, 1837, and the several supplements thereto. By its charter, defendant was authorized to locate and construct a railroad, with as many sets of tracks as it might deem necessary, from Sunbury, by way of Northumberland and Williamsport, by the most eligible route, to the harbor of Erie, and was given perpetual succession, with all the privileges, franchises, and immunities incident to a corporation, with the power to purchase, receive, have, hold, and enjoy, to it or its successors, lands, tenements, hereditaments, goods, chattels, and all estates, real, personal, or mixed, and the same from time to time, to sell, mortgage, or otherwise dispose of, and generally to do all and singular the matters and things which to the said corporation should lawfully appertain to do, for the well-being of the said corporation, and of the due management and ordering of the affairs of the same, provided, that nothing therein contained should be so construed as giving the said corporation any banking, manufacturing, or trading privileges or franchises, but such as might be necessary and incident to the making and maintaining of the said railroad, convenient construction of depots, and such cars, locomotives, fixtures, and devices as might be necessary for the conveyance of passengers, and the transportation of the mail, and of goods, merchandise, and commodities thereon.

By an act of assembly, approved March 17, 1861, the corporate name of the Sunbury & Erie Railroad Company was changed to the Philadelphia & Erie Railroad Company.

In pursuance of its charter, the defendant constructed a railroad extending from Sunbury to the city of Erie, a distance of 287½ miles, and completed that portion thereof, which had been previously located of the width of 66 feet, through the premises hereinafter described, immediately north of, and adjoining the borough of Sunbury, and laid two tracks thereon, as early as the year 1856, and continued to use the same, for the purposes of said railroad, to the present time. The said railroad was leased to the Pennsylvania Railroad Company, for a period of 999 years from the 6th day of January, 1862, and is operated throughout its entire length, by that company, under the said lease, as modified by a supplement thereto, January 1, 1870;

which said lease and supplement are hereby made part thereof. The capital stock of the Philadelphia & Erie Railroad Company consists of $7,975,000 of common stock, and $2,400,000 of special stock, amounting to the sum of $10,375,000. On July 29, 1863, the Philadelphia & Erie Railroad Company, having previously located and constructed the line of its railroad, north from its southern terminus, at Market street in the borough of Sunbury, as above stated, acquired, by deed, from Joseph W. Cake and wife, of that date, the title to a certain piece of land, situate in, formerly, Upper Augusta township, now, borough of Sunbury, Northumberland county, along the eastern side of, and immediately adjoining its line of road, as then located and used, for the purpose of erecting thereon such additional tracks, buildings, etc., as are ordinarily pertaining and necessarily useful to a railroad, and of appropriating the same, under its charter as aforesaid, to the objects and purposes of its incorporation; the said tract of land being described as follows:

"All that certain piece, parcel, or tract of land, situate in Upper Augusta township, Northumberland county, Pennsylvania, north of the borough of Sunbury, and being part of two larger tracts of land belonging to the said Joseph W. Cake, party of the first part, through which the Philadelphia & Erie Railroad now passes, and called, respectively, the Scott and Hunter farms, bounded and described as follows,—*viz.:* Beginning at a post in the southern line of the said Scott farm (being the division line between said Scott farm and the borough of Sunbury) at a point at which the eastern boundary of the present right of way of the said Philadelphia & Erie Railroad Company intersects the said division line, thence along said division line, south 64 degrees, 35 minutes, east 330 feet to a post, thence through the said Scott farm and the said Hunter farm, north 26 degrees, 20 minutes, east 3,385 feet to a post in the division line between the said Hunter farm of the said parties of the first part, and the farm of Peter Baldy, Esq., formerly the Grant farm, thence along the said division line, north 52 degrees, west 600 feet to a post in the eastern line of the said railroad company's right of way upon and through the said Hunter farm, thence down the said railroad by the said eastern line of the said company's right of way, as aforesaid, by the several courses and distances thereof, through the said Hunter and Scott farms, to the place of be-

ginning, containing 42 acres and 1/10 of an acre of land, strict measure, more or less."

The said railroad company, soon after the date of the deed from Joseph W. Cake and wife, for the property above described, commenced the erection upon the said tract of land of additional tracks and sidings, a roundhouse, a repair shop, and other improvements, and has, since their construction and erection, maintained and kept the same in use, by itself or lessee, upon the said tract of land, exclusively for railroad purposes. The said tracks and improvements comprise, in addition to its two main tracks, which had been originally constructed upon its right of way, immediately adjacent thereto, one passenger train track, extending from the passenger station to the borough of Sunbury, northwardly through the entire length of the said tract of land, and beyond, eleven other tracks extending through nearly the entire length of the said tract of land; also six additional tracks for freight cars, three for passenger cars, one track for engine coal, two roundhouse tracks, cinder tracks, and others, used as sidings for making up, switching, and transferring the freight and passenger trains to be hauled and transported by the said company or its lessee over the line of its road, and to and from and over the Northern Central Railway, the Shamokin Valley Railroad, other railroads operated by lessee and other roads connecting therewith at the borough of Sunbury. The said company also erected upon the said tract of land, and uses, by itself or lessee, for railroad purposes exclusively, in addition to the said roundhouse, a traverse table, a repair shop for repairing the freight cars and engines, used upon its said road, an oil house and paint shop, an engine and boiler house, a supply room for frogs, switches, and other materials used upon its said road, a master mechanic's office, and car inspector's office.

The whole of the said tract of land was, and is, appropriated to, and used solely for, railroad purposes; and no part thereof is or has been used for any other purpose. All of the said railroad tracks so laid down and used, upon the said tract of land, and all the buildings, structures, and erections upon the said premises are such as are ordinarily and properly pertinent to railroads and are strictly necessary for providing the required terminal facilities for this company or its lessee and to form its connections with the other railroads connecting therewith at that point; they are a part and portion of the public works of the

said corporation defendant, and are used exclusively as such, along with their necessary appurtenances, and for its terminal facilities and connections with the other railroads aforesaid; they are essential and indispensably necessary for the proper performance, and the enjoyment of the franchises of the said company by the said company, or its lessee, and for the exercise and performance, and due execution of its corporate rights and privileges, public functions and duties, and it is indispensably necessary that the said company defendant, or its lessee, should hold the said piece of property, with the said tracks, buildings, and improvements thereupon, with the appurtenances, to enable the said corporation, or its lessee, to execute the object, and fulfil the purposes for which it was chartered.

It was agreed that the piece or tract of land and premises, with the improvements, buildings, and structures thereupon, and appurtenances, should be a part of the capital stock of the defendant and included in the same, and be assessed as such capital stock, and that defendant should pay the legal rate of taxes assessed thereupon, to the commonwealth of Pennsylvania. The defendant has not declared, nor paid, any dividend upon its capital stock to the holders thereof.

The assessor of county rates and levies, in and for the borough of Sunbury, at the time for assessing said county taxes, in the spring of 1886, assessed the said tract of land, and premises aforesaid, with the said improvements and structures thereupon, as the real estate of defendant, under the designation of "out lot and shops," and as containing 44 1/10 acres of the value of $34,756. The county tax thereupon, for the year 1886, has been assessed at the sum of $243.30, which tax, defendant contended, was illegal and improperly imposed, and, therefore, declined to pay the same.

Upon entering judgment for the defendant, ROCKEFELLER, P. J., filed the following opinion:

It is well settled by the decisions of the supreme court of Pennsylvania that the property of railroad companies, consisting of freight stations, offices and depots, roundhouses, machine shops, passenger stations and grounds covered by tracks and used as ways of approach to the stations and buildings in connection with the railroads, and all public works of the company, used as such with their necessary appurtenances, that is, such

property as is ordinarily and properly pertinent to the railroad, and strictly necessary for their proper operation in exercising their several franchises, is not liable to taxation as real estate under the general laws of the state making "real estate," "houses," "lands," or "lots of ground" taxable. This was conceded to be so by Chief Justice Mercur, in the case of Pennsylvania R. Co. v. Pittsburgh, 104 Pa. 522. See opinion on page 540, where a large number of cases are cited. The Chief Justice says: "Its exemption from taxation (as real estate) is settled by a long line of cases."

In the case of the Coatesville Gas Co. v. Chester County, 97 Pa. 481, the same judge said: "The principle which appears to be recognized is that the public works of a corporation, used as such with their necessary appurtenances, shall be exempt from taxation as land, but be subject to it in another form."

There is no special act relating to the borough of Sunbury, enacting that all real estate situate in said borough owned or possessed by any railroad company shall be subject to taxation for borough or county purposes, the same as other real estate in said borough. Therefore, we are not troubled with the question that seems to have caused so much difficulty in the minds of the judges of the supreme court in the case of the Pennsylvania R. Co. v. Pittsburgh, 104 Pa. 522.

For me to write an extended opinion in this case reviewing the law, as laid down by the supreme court in so many cases, would be superfluous, and an affectation of learning. I will only say that I am of opinion that the meaning of the decisions is that the indispensable works of a public corporation are a part of its corporate franchise, and therefore taxable as stock, which is personal property, and hence not to be regarded as real estate in any form. Such property is not in fact real estate or houses or lands but personal estate, corporate franchises. Northampton County v. Lehigh Coal & Nav. Co. 75 Pa. 461.

Such being the case, can the legislature make the necessary and indispensable works and structures of a public corporation, used in conducting the business thereof, liable to taxation as real estate? I understand this to have been one of the questions decided by a majority of the judges of the supreme court in the affirmative in the said case of the Pennsylvania R. Co. v. Pittsburgh, and this court could not question the authority of that case, if the question was before us, but it is not.

In the present case it is admitted that the land, improvements, buildings and structures upon which the taxes have been assessed are a part of the capital stock of the company, and as such capital stock are assessed and pay the legal rate of taxes assessed thereupon to the state. It is also admitted that the whole of the lands was, and is, appropriated to and used solely for railroad purposes, and that no part thereof is, or has been, used for any other purpose; that all of the railroad tracks laid down and used upon the land, and all the buildings, structures, and erections upon the premises, are such as are ordinarily and properly pertinent to railroads and are strictly necessary for providing the required terminal facilities for the company or its lessee, and to form its connections with the other railroads connecting therewith at that point; that they are a part and portion of the public works of the corporation defendant, and are used exclusively as such, along with their necessary appurtenances and for its terminal facilities and connections with the other railroads aforesaid; that they are essential and indispensably necessary for the proper performance, and enjoyment of the franchises of the said company by the said company, or its lessee, and for the exercise and performance and due execution of its corporate rights and privileges, public functions, and duties; and that it is indispensably necessary that the said company defendant, or its lessee, should hold the said piece of property, with the said tracks, buildings, and improvements thereupon, with the appurtenances, to enable the said corporation or its lessee to execute the object and fulfil the purposes for which it was chartered.

I do not see that the case is changed by the fact that the tracks of the company defendant are used as sidings for making up, switching, and transferring the freight and passenger trains, to be hauled and transported by the company or its lessee over the line of its road, and to and from and over the Northern Central Railway, the Shamokin Valley Railroad and other railroads operated by the lessee, and other roads connecting therewith, at the borough of Sunbury. We all know that the continuous railroad tracks used for transportation of freight and passengers, through from Canada to Texas, and from the Atlantic to the Pacific oceans, are made up of the tracks of different and distinct railroad companies; and it is absolutely and indispensably necessary to have terminal, approaching, and connecting fa-

cilities at the ends of each line, in other words, tracks and sidings used for shifting and making up trains, to be taken on and over the connecting roads.   These, we think, are a part of the public works of the companies, used as such with their necessary appurtenances, and are ordinary and pertinent works and structures to the railroads, and are strictly necessary for their proper operation in exercising their several franchises.

That the Pennsylvania Railroad Company, as lessee, has the same rights, powers, and privileges as its lessor, the Philadelphia & Erie Railroad Company, defendant, is shown by the case of Pennsylvania R. Co. v. Sly, 65 Pa. 205.

Being of opinion that the property assessed is not legally subject to the tax mentioned in the case stated, and that the said tax has not been legally and properly assessed thereupon, and that no part or portion of the tract of land is assessable for county taxes, judgment is entered for the defendant.

The assignment of error specified the action of the court in entering judgment for the defendant.

*W. A. Sober* and *L. H. Kase,* for plaintiff in error.—The question is whether this property, acquired in the name of the Philadelphia & Erie Railroad Company, a corporation at the time of its acquisition existing in name only, and for the purpose of receiving its rentals and dividends from its lessee, is strictly the indispensable property or works of that corporation, and a part of its corporate franchise, and therefore taxable as stock, or whether it can, under the facts in this case, be regarded as real estate and taxable as such.

The tracks, depots, water stations, roundhouse, machine shops, and other necessary parts of a railroad, which in fact form part of the railroad itself, and without which its duties to the public could not be performed, are exempt from taxation, as land. Coatesville Gas Co. v. Chester County, 97 Pa. 481; Pennsylvania R. Co. v. Pittsburgh, 104 Pa. 522; Wayne County v. Delaware & H. Canal Co. 15 Pa. 351.

But it is only such property belonging to a railroad corporation as is appurtenant and indispensable to the construction and preparation of the road for use that can claim to be exempt from taxation; such property as is only indispensable to the making of profits being liable to taxation.   Railroad v. Berks County,

6 Pa. 70; West Chester Gas Co. v. Chester County, 30 Pa. 232; Lehigh Coal & Nav. Co. v. Northampton County, 8 Watts & S. 334; Schuylkill Nav. Co. v. Berks County, 11 Pa. 202; New York & E. R. Co. v. Sabin, 26 Pa. 242; Carbon Iron Co. v. Carbon Co. 39 Pa. 251.

*J. B. Packer,* for defendant in error.—Property ordinarily and properly pertinent to railroads and strictly necessary for their proper operation in exercising their several franchises, and used exclusively for such purposes, is taxable for county purposes. Ridge Turnp. Co. v. Stoever, 6 Watts & S. 378; Lehigh Coal & Nav. Co. v. Northampton County, 8 Watts & S. 337; Railroad v. Berks County, 6 Pa. 70; Schuylkill Nav. Co. v. Berks County, 11 Pa. 202; Wayne County, v. Delaware & H. Canal Co. 15 Pa. 351; New York & E. R. Co. v. Sabin, 26 Pa. 242; West Chester Gas Co. v. Chester County, 30 Pa. 232; Carbon Iron Co. v. Carbon County, 39 Pa. 251; Coatesville Gas Co. v. Chester County, 97 Pa. 476; Pennsylvania R. Co. v. Pittsburgh, 104 Pa. 522.

The indispensable works of a public corporation are a part of its corporate franchise, and therefore taxable as stock, which is personal property, and hence cannot be regarded as real estate in any form. Northampton County v. Lehigh Coal & Nav. Co. 75 Pa. 461.

Per Curiam:

The judgment entered on this case stated is sustained by a long and unbroken line of cases. Many of them may be found collected in Pennsylvania R. Co. v. Pittsburgh, 104 Pa. 522.

The right of taxation as land in this latter case was only sustained under the provisions of a special act of assembly.

Judgment affirmed.